FIFTH DIVISION 

                                November 22, 1996 

 

 

 

 

 

 

 

 

No. 1-95-4210 

 

GEORGE K. PRICE and HARRY L. SCHUMAN,     )    Appeal from the 

                                          )    Circuit Court of 

                 Plaintiffs-Appellants,   )    Cook County. 

                                          ) 

  v.                                      ) 

                                          ) 

FCC NATIONAL BANK,                        )    Honorable 

                                          )    Ellis E. Reid, 

                 Defendant-Appellee.      )    Judge Presiding. 

 

     PRESIDING JUSTICE McNULTY delivered the opinion of the court:  

 

     Plaintiffs George K. Price and Harry Schuman appeal from the 

dismissal of their action alleging violation of the Illinois Credit 

Card Issuance Act(815 ILCS 140/6 (West 1994)), breach of contract 

and common law fraud against FCC National Bank (FCC).  We affirm. 

     FCC offers Visa and Mastercard bank credit cards under the 

name "First Card."  Plaintiffs maintain bank credit cards with FCC.  

The privileges and obligations of holding a First Card are set 

forth in the cardholder agreement (agreement).  Prior to April 1, 

1991, the agreement provided that all cardholders had a "grace 

period" of 25 days after receipt of a billing statement to pay an 

outstanding balance without incurring a finance charge.  On April 

1, 1991, the agreement was amended to provide that a finance charge 

would accrue unless payment was made on or before the "payment due 

date" printed on the billing statement.  The grace period was the 

time between the billing date and the payment due date. 

     FCC breaks its cardholders into two groups: cardholders who 

have paid their previous month s balance in full, which is the 

group plaintiffs seek to represent; and (2) cardholders who have 

not paid the total amount due on their bill.  For those in category 

one, previous month full payers, FCC inserts a Payment due date on 

their next monthly billing statement that is 20 days from the 

statements billing date.  However, FCC does not assess finance 

charges against any customer who pays his balance within 25 days 

after the billing date.  For those in category two, those who have 

run a balance on their previous month s bill, FCC sets due dates on 

these cardholders  statements that are 25 days from the billing 

date, but because these cardholders have not paid their previous 

month s balance in full, they are assessed finance charges until 

that balance is paid in full. 

     Plaintiffs originally filed suit on March 30, 1992, in federal 

court, claiming that FCC s practice of inserting a payment due date 

of 20 days after the billing date but not charging finance charges 

until 25 days after the billing date violated the Truth In Lending 

Act.  15 U.S.C. 1601 through 1693 (1988).  Plaintiffs' suit also 

alleged that this practice violated the Illinois Credit Card 

Issuance Act (815 ILCS 140/6 (West 1994), was a breach of the 

Illinois Consumer Fraud and Deceptive Business Practices Act 

(Consumer Fraud Act) (815 ILCS 505/1 (West 1994)), and a breach of 

contract.  Plaintiffs also sought class certification.  The 

district court dismissed plaintiffs  complaint, finding that FCC s 

grace period was authorized by the disclosure requirements of the 

Truth in Lending Act.  Price v. FCC National Bank, 92 C 2164 (N.D. 

Ill. 1992). The court declined to exercise jurisdiction over 

plaintiffs  state claims.  The seventh circuit affirmed.  Price v. 

FCC National Bank, 4 F.3d 472(7th Cir. 1993). 

     Plaintiffs then brought suit in state court alleging violation 

of the Illinois Credit Card Issuance Act, breach of contract and 

common law fraud.  Defendant moved to dismiss plaintiffs' complaint 

pursuant to section 2-615 of the Code of Civil Procedure. 735 ILCS 

5/2-615 (West 1994).  The trial court granted defendant's motion to 

dismiss, finding that  plaintiffs' claim alleging violation of the 

Credit Card Issuance Act failed to state a claim since the 

agreement provides that Delaware law would apply, and plaintiffs' 

breach of contract and fraud claims fail to state claims since 

plaintiffs have not been damaged.  Plaintiffs appeal. 

     Plaintiffs' complaint alleges the defendant violated section 

6 of the Credit Card Issuance Act, which states, in pertinent part: 

       "6. Disclosure to applicants. 

       (a) Except as provided in Section 25 of the Retail 

     Installment Sales Act, relating to sellers or holders 

     under a retail charge agreement and in subsection (c), 

     a credit card issuer shall disclose, either on an 

     application for a credit card or on literature 

     accompanying the application, on or with any credit card 

     account solicitation, and on each periodic billing 

     statement mailed to a card holder, the following: 

                                       * * *    

       (3) the grace period, which is defined as the period 

     within which any credit extended under such credit plan 

     must be repaid to avoid incurring an interest charge 

     represented in terms of an annual percentage rate of 

     interest, and if no such period is offered such fact 

     shall be clearly stated."  815 ILCS 140/6 (West 1994). 

Plaintiffs contend that defendant violated section 6 of the Credit 

Card Issuance Act, as well as committed common law fraud and 

breach of contract, when it represented, by means of a false 

payment due date, a period that is shorter than the period within 

which any credit extended must be repaid to avoid incurring an 

interest charge.   

     Credit card disclosure requirements are also addressed in the 

federal Truth in Lending Act, which requires credit card issuers 

to disclose in each periodic billing statement: 

       "[t]he day by which or the period (if any) within which 

     payment must be made to avoid additional finance charges, 

     except that the creditor may, at his election and without 

     disclosure, impose no such additional finance charge if 

     payment is received after such date or expiration of such 

     period."  15 U.S.C. 1637(b)(9)(1988).   

     Defendant urges us to uphold the trial court s dismissal of 

plaintiffs  action on the basis that the federal court has 

determined that defendant has complied with the federal Truth in 

Lending Act and, according to defendant, compliance with the Truth 

in Lending Act is complete compliance with Illinois law.  

Defendant claims that the court in Lanier v. Associates Finance, 

Inc., 114 Ill. 2d 1, 499 N.E.2d 440 (1986), determined that 

compliance with the Truth in Lending Act is compliance with the 

Illinois Credit Card Issuance Act.  The court in Lanier actually 

determined that compliance with the federal Truth In Lending Act 

is a defense to liability under the Illinois Consumer Fraud Act.  

The court also noted that the disclosure requirements of certain 

Illinois consumer credit statutes are met by compliance with the 

federal Truth in Lending Act.  The consumer credit statutes 

referred to by the court were the Consumer Installment Loan Act 

(Ill. Rev. Stat. 1981, ch. 17, par. 5420), "An Act in relation to 

the *** rates of interest" (Ill. Rev. Stat. 1981, ch, 17, par. 

5410), the Retail Installment Sales Act (Ill. Rev. Stat. 1981, ch. 

121, par. 505), and the Motor Vehicle Retail Installment Sales 

Act (Ill. Rev. Stat. 1981, ch. 121 1/2 par. 565).  Each of these 

statutes specifically states that compliance with the Truth in 

Lending Act is compliance with the Illinois statute.  The court in 

Lanier stated that "we perceive in the disclosure provisions of 

Illinois' consumer credit statutes a consistent policy against 

extending disclosure requirements under Illinois law beyond those 

mandated by the Truth in Lending Act, in situations where both the 

Act and the Illinois statutes apply."  Lanier, 114 Ill. 2d at 17.  

       Section 10b(1) of the Consumer Fraud Act provides that the  

Consumer Fraud Act does not apply to "[a]ctions or transactions 

specifically authorized by laws administered by any regulatory 

body or officer acting under statutory authority of this State or 

the United States."  815 ILCS 505/10b (West 1994).  The Lanier 

court determined that this section of the Consumer Fraud Act also 

provides that compliance with the Truth in Lending Act is 

compliance with the Illinois Consumer Fraud Act.  Lanier did not, 

however, address whether compliance with the federal Truth in 

Lending Act is compliance with the statute at issue here, the 

Illinois Credit Card Issuance Act.   

     We do address this issue and find that compliance with the 

federal Truth in Lending Act is indeed compliance with the 

Illinois Credit Card Issuance Act.  When plaintiffs here filed 

their original complaint in 1993, the Illinois Credit Card 

Issuance Act provided in pertinent part:  

     "If a credit card issuer, as required pursuant to federal 

   law, makes disclosures of all information required to be 

   disclosed under subsection (a) of Section 6 of this Act in 

   connection with *** periodic billing statements, the credit 

   card issuer shall be deemed to have complied with the 

   requirements of subsection (a) of Section 6 of this Act." 

   815 ILCS 140/9 (West 1992).  

   In 1994, prior to the filing of plaintiffs' amended complaint, the 

Illinois Credit Card Issuance Act had been amended to state in 

pertinent part:  

       "A credit card issuer who complies with or is exempt from 

     the applicable disclosure requirements of the Truth in 

     Lending Act and the regulations promulgated under that Act 

     shall be deemed to be in compliance with or exempt from all 

     provisions of subsection (a) of Section 6 of this Act." 815 

     ILCS 140/9(c)(West 1994).  

The parties disagree as to whether the former statute or the 

amended statute is applicable to this case.  We find it unnecessary 

to determine whether one statute or the other applies, since the 

amended statute did not change the law but merely clarified the 

law.  See Friedman v. Krupp Corp., 282 Ill. App. 3d 436 (1996); 

Hyatt Corp. v. Sweet, 230 Ill. App. 3d 423, 594 N.E.2d 1243 (1992). 

The former statute provided that a credit card issuer that makes 

the disclosures required by federal law complies with the 

disclosure requirements of section 6 of the credit card act.  The 

amended version specifically states that compliance with the Truth 

in Lending Act is compliance with the disclosure requirements of 

section 6 the Credit Card Issuance Act.  Thus, regardless of which 

statute applies, the fact that defendant s disclosure of the grace 

period complies with the Truth in Lending Act automatically means 

defendant s disclosure is in compliance with the Illinois Credit 

Card Issuance Act.  Plaintiffs' claim based on the Credit Card 

Issuance Act was therefore properly dismissed.       

    We also find that because defendant has complied with the 

federal Truth in Lending Act, plaintiffs cannot state a claim for 

either common law fraud or breach of contract. The court in Lanier 

found that a disclosure in compliance with the Truth In Lending Act 

could not state a claim for common law fraud.  The court reasoned 

that to hold otherwise would put a creditor in the anomalous 

position of being guilty of common law misrepresentation by 

specifically complying with the mandates of the federal Truth In 

Lending Act.  Lanier, 114 Ill. 2d at 10-11.  We reach the same 

conclusion here and also hold that, because defendant complied with 

the federal law, it could not have breached its contract with 

plaintiffs.       

     Accordingly because defendant s disclosure of the grace period 

complied with the federal Truth in Lending Act, and compliance with 

that act is compliance with Illinois law, plaintiffs' complaint was 

properly dismissed for failure to state a claim.   

     Affirmed. 

     COUSINS and HOURIHANE, JJ., concur.